UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ELIZABETH A. PETERS,            )
                               )
            Plaintiff,         )
                               )
                               )
v.                             )        No. 3:09-CV-319
                               )        (VARLAN/SHIRLEY)
                               )
MICHAEL J. ASTRUE,             )
Commissioner of Social Security, )
                               )
            Defendant.         )

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal

Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding

disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in

Support [Docs. 11 and 12] and Commissioner's Motion for Summary Judgment and Memorandum

in Support [Docs. 15 and 16]. Plaintiff Elizabeth A. Peters ("Plaintiff") seeks judicial review of the

decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant, Michael J.

Astrue, Commissioner of Social Security ("the Commissioner").

On July 20, 2006, Plaintiff filed an application for disabled widow's benefits, and she filed

for Supplemental Security Income ("SSI") on July 13, 2006. The Plaintiff claims a period of

disability which began June 1, 2003. [Tr. 11]. After her application was denied initially and also

denied upon reconsideration, Plaintiff requested a hearing. On December 2, 2008, a hearing was

held before an ALJ to review determination of Plaintiff's claim. [Tr. 21-34]. On March 16, 2009,

the ALJ found that Plaintiff was not disabled. [Tr. 20]. The Appeals Council denied Plaintiff's

request for review; thus the decision of the ALJ became the final decision of the Commissioner. [Tr. 1-3]. Plaintiff now seeks judicial review of the Commissioner's decision.

## I.    ALJ FINDINGS

The ALJ made the following findings:

1.    The claimant is an unmarried widow of the deceased insured worker and has attained the age of 50. The claimant meets the non-disability requirements for disabled widow's benefits set forth in section 202(e) of the Social Security Act.

2.    The prescribed period ends on July 31, 2013.

3.    The claimant has not engaged in substantial gainful activity since June 1, 2003, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

4.    The claimant has the following severe impairments: history of right knee replacement in 1976; chronic joint pain; osteoarthritis; diabetes mellitus; depression and anxiety (20 CFR 404.1520(c) and 416.920(c)).

5.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), and 416.926).

6.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). He [sic] could occasionally lift and/or carry 10 pounds; frequently lift and/or carry 10 pounds; he [sic] could stand and/or walk for two hours total in an 8-hour workday but he [sic] would have no restrictions with regarding to [s]itting with normal breaks. He [sic] could sustain concentration, persistence and pace over extended periods for simple tasks; could do detailed tasks with some difficulty at times but still could do. He [sic] would be able to interact with the general public with some

2

difficulty at times but still could do so and he would be able to respond to routine changes.

7.      The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

8.      The claimant was born on September 28, 1956 and was 46 years old which is defined as a younger individual age 18-49, on the alleged disability date (20 CFR 404.1563 and 416.963).

9.      Claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

10.     Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

11.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), and 416.966).

12.     The claimant has not been under a disability, as defined in the Social Security Act from June 1, 2003 through the date of this decision (20 CFR 404.1520(b) and 416.920(g)).

[Tr. 12-20].

## II.    DISABILITY ELIGIBILITY

The Plaintiff's status as an widower, which qualifies her for Widow's Insurance Benefits is not at issue in this case. [See Doc. 16 at 2]. The only issue before the Court is whether the Plaintiff is disabled and, therefore, qualifies for Widow's Insurance Benefits and Supplemental Security Income.

"Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."

42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).

Whether a WIB or SSI claimant is under a disability is evaluated by the Commissioner pursuant to a five-step analysis summarized as follows:

1. If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden of proof shifts to the Commissioner at step five. Id. At step five, the Commissioner must prove that

4

there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III.    STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)).  If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007); Richardson v. Perales, 402 U.S. 389, 401 (1971) (citing Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).  It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986).  The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)).  Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings[1] promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) ("Although substantial evidence otherwise supports the decision of the Commissioner in this case, reversal is required because the agency failed to follow its own procedural regulation, and the regulation was intended to protect applicants like [plaintiff]."); id. at 546 ("The general administrative law rule, after all, is for a reviewing court, in addition to whatever substantive factual or legal review is appropriate, to 'set aside agency action...found to be...without observance of procedure required by law.'") (quoting 5 U.S.C. § 706(2)(d) (2001)); cf. Rogers, 486 F.3d at 243 (holding that an ALJ's failure to follow a regulatory procedural requirement actually "denotes a lack of substantial evidence, even when the conclusion of the ALJ may be justified based upon the record"). "It is an elemental principal of administrative law that agencies are bound to follow their own regulations," and the Court therefore "cannot excuse the denial of a mandatory procedural protection . . . simply because there is sufficient evidence in the record" to support the Commissioner's ultimate disability determination. Wilson, 378 F.3d at 545-46. The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

---

[1] See Blakley, 581 F.3d at 406 n.1 ("Although Social Security Rulings do not have the same force and effect as statutes or regulations, '[t]hey are binding on all components of the Social Security Administration' and 'represent precedent final opinions and orders and statements of policy' upon which we rely in adjudicating cases.") (quoting 20 C.F.R. § 402.35(b)).

## IV.    ANALYSIS

On appeal, the Plaintiff argues that substantial evidence does not support the ALJ's disability determination.  Plaintiff contends the ALJ erred by: (A) finding that the Plaintiff is capable of light work; and (B) basing his decision on the vocational expert's response to an inaccurate hypothetical question regarding the Plaintiff's condition. [Doc. 12 at 4].  The Commissioner, in response, contends that substantial evidence supports the ALJ's disability determination.  [Doc. 16].

## A.    Residual Functional Capacity

The Plaintiff maintains that the ALJ erred in his assessment of her residual functional capacity.  This argument is based upon the following sentence found in Part 6 of the ALJ's opinion: "He could occasionally lift and/or carry 10 pounds; frequently lift and/or carry 10 pounds; he could stand and/or walk for two hours total in an 8-hour workday but he would have no restrictions with regard to witting with normal breaks." [Tr. 15].  This sentence incorrectly refers to the Plaintiff using masculine pronouns and also contains a typographical error that misspells the word "sitting."

The Commissioner's position is that the double reference to ten pounds is also a typographical error. [Doc. 16 at 10].[2]  The Plaintiff maintains that the assessment does not mention an ability to occasionally lift 20 pounds, and therefore, it is not consistent with an ability to complete light work.  The Plaintiff argues against classifying the omission of any reference to twenty pounds as a typographical error and argues that to read it as a minor error would deny the Plaintiff's right

---

[2]The Commissioner devotes an early footnote in his memorandum to discussing the "obvious typographical error."  "The Commissioner contends that the ALJ's statement should have read occasionally lift and/or carry 10 pounds, and frequently lift and/or carry twenty pounds."  [Doc. 16 at 2, n. 2].  This statement appears to be an *additional* typographical error because it would be illogical for the ALJ to find that the Plaintiff could frequently lift a heavier weight but only occasionally lift a lighter weight.  Accordingly, the Court has disregarded the contents of this footnote and considered only the explanation contained in the argument section of the Commissioner's brief

to a well-reasoned determination or decision, under Social Security Ruling 96-8p, and right to due process. [Doc. 17 at 2].

The Court of Appeals for the Sixth Circuit has previously instructed that the "findings and conclusions of the Commissioner are reviewed by this court in the context of the record as a whole." Gribbins v. Comm'r Soc. Sec. Admin., 37 Fed. App'x 777, 779 (6th Cir. 2002) (citing Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980)).

In evaluating a similar typographical error in Calkins v. Sec'y of Health and Human Serv., 793 F.2d 1290 (Table) (6th Cir. May 7, 1986), the Court of Appeals considered whether the typographical error could be logically reconciled with the sentence as a whole and whether the parts of speech used indicated an error. Id. at *2. In Calkins, the Court of Appeals found the sentence at issue was not logical or grammatically correct without fixing a typographical error, and the court noted, "[n]othing in the statute requires the District Court to ignore the real finding of the ALJ and instead blindly follow the transcriber's version of the finding." Id. While the lower court could not "go[] beyond the administrative record in finding a basis for its decision," the Court of Appeals condoned the lower court's decision to examine "the opinion as a whole to interpret the true meaning of the ALJ's findings." Id.

In the present case, the sentence in Part 6 of the ALJ's opinion, like the one in Calkins, is not logical or grammatically correct as written. The word "occasionally," is a more selective adjective than "frequently." Any lifting that could be done "frequently" could be done "occasionally," but lifting that can be done "occasionally" cannot necessarily be done "frequently." Thus, it is not logical to have both the adjectives "frequently" and "occasionally" describe a single weight class. Moreover, the sentence would not be structured as two independent assessments of the same weight

class. Instead, if the Plaintiff could lift ten pounds "frequently," it is presumed that she can "occasionally" lift ten pounds. Thus, the sentence would simply state, "The Plaintiff can lift and/or carry ten pounds frequently." The Court finds that the sentence itself demonstrates that a typographical error has been made, but to determine the proper contents of the sentence the Court must examine the administrative record.

During the alleged period of disability, the Plaintiff saw only one physician who evaluated her physical conditions, Eva Misra, M.D., ("Dr. Misra"). Dr. Misra opined that the Plaintiff could occasionally lift and/or carry up to twenty pounds and could frequently lift a maximum of ten pounds. [Tr. 154]. Louise G. Patikas, M.D., reviewed the Plaintiff's medical records and found the Plaintiff could occasionally lift fifty pounds and could frequently lift twenty-five pounds. [Doc. 158].

In his opinion, the ALJ stated that he had relied upon three sources of information in reaching his conclusion at Part 6: (1) the Plaintiff's subjective allegations, which he found to be generally credible, (2) Dr. Misra's medical source statement, and (3) Dr. Kuptas's opinion. [Tr. 18]. The ALJ reviewed Dr. Misra and Dr. Kupta's findings, discussed above, in his explanation of his decision, along with the Plaintiff's subjective complaints. [Tr. 16-17].

Reviewing these sources, it appears that the sentence at issue was meant to find capacity to occasionally lift twenty pounds and frequently lift ten pounds. This interpretation gives the greatest weight to Dr. Misra's opinion and discounts the less restrictive findings of Dr. Patikas. Moreover, it is consistent with the ALJ's review of the Plaintiff's daily activities, which include dressing, bathing, minimal cooking, laundry, shopping for clothing, sweeping, vacuuming, making her bed, driving, and grocery trips with her daughter. [Tr. 16]. Finally, it is consistent with the hypothetical posed by the ALJ to the vocational expert, which states the limits found by Dr. Misra and states that

the ALJ is relying upon Dr. Misra's evaluation. [Tr. 32].

Thus, the Court finds that the context and structure of the sentence along with the evidence of record indicate that the sentence in Part 6 stating weight limitations should have stated that the Plaintiff could frequently lift and/or carry ten pounds and occasionally lift and/or carry twenty pounds.

Based upon the foregoing, the Court finds that the ALJ's finding that the Plaintiff is capable of a limited range of light work is supported by substantial evidence and that any misstatement in Part 6 of his opinion does not undermine the substantial evidence supporting the ultimate residual functional capacity determination.

## B.    The Hypothetical Posed to the Vocational Expert

In addition, the Plaintiff alleges that the ALJ erred by asking the vocational expert ("VE") a hypothetical regarding availability of work that varied significantly from the ALJ's residual functional capacity determination. [Doc. 12 at 7]. The Commissioner maintains that the ALJ accurately portrayed the Plaintiff's residual functional capacity to the VE. [Doc. 16 at 10].

The ALJ's hypothetical was as follows:

> I'd like you to assume a 46 year old hypothetical person as of onset, with an eighth grade education completed. This person can walk and stand two hours total each in an eight hour day, no restriction on sitting with normal breaks. This is from Dr. Misra's evaluation. This person can occasionally lift or carry 20 pounds, frequently ten pounds. Pain is evaluated in the RFC. Dr. [Kupstas] says this person is able to sustain concentration, persistence and pace over extended periods for simple tasks; detailed with some difficult[y] at times, but still can do. This person is able to interact with the general public with some difficulty at times, but still can do so; this person is able to respond to routine changes.

[Tr. 32]. Based upon this hypothetical, the VE testified that there were jobs available in the national

and local economies in substantial numbers that accommodate the Plaintiff's residual functional capacity and vocational factors. [Tr. 32].

The hypothetical incorporates the elements of light work and identifies additional limitations on Plaintiff's work capacity. The hypothetical explicitly references Dr. Misra's evaluation, which found the Plaintiff could occasionally lift or carry twenty pounds and could lift or carry ten pounds frequently. The hypothetical accurately portrays the Plaintiff's limited ability to walk and stand, which is supported by Dr. Misra's findings [see Tr. 154].

The Plaintiff has also disputed whether the Plaintiff can walk and stand for a total of two hours rather than for two hours each. [Doc. 12 at 8]. At the hearing, counsel for the Plaintiff rephrased the ALJ's hypothetical to state that the Plaintiff could only walk and stand for a total of two hours and posed the second hypothetical to the VE. [Tr. 33]. The VE responded that the positions avialable would be reduced by seventy-five percent. [Tr. 33]. Thus, the positions available in Tennessee would be reduced from approximately twenty thousand to five thousand. [See Tr. 32-33]. Even assuming the Plaintiff's interpretation of the standing/walking restriction was used, five thousand jobs would represent a significant number of jobs available within the economy.

Finally, the ALJ's hypothetical does not mention the limited range of motion Plaintiff experiences in her left shoulder, [Tr. 153], or the restrictions on use of ladders and crouching found by Dr. Patikas, the reviewing physician, [Tr. 159]. The Plaintiff has not argued that the hypothetical is deficient based upon these omissions, and the Court declines to raise, *sua sponte*, an issue that the Plaintiff has not, herself, raised. Nonetheless, the Court has reviewed the jobs cited by the VE, including packers and production workers, and notes that the Plaintiff's restricted movement would not exclude her from completing this work. The Plaintiff's admissions that she can complete

laundry, make her bed, vacuum, sweep, and shower, [Tr. 28], support a finding that these limitations would not exclude her from the work cited by the VE.

The Court finds the hypothetical posed to the VE accurately portrayed the Plaintiff's impairments and the ALJ's decision to rely on the VE's testimony is supported by substantial weight. Further, the Court finds that any issues regarding the total hours that the Plaintiff could stand and/or walk or her limited range of motion are harmless and/or were not properly raised to this Court.

## V.     CONCLUSION

Accordingly, the Court finds that the ALJ properly reviewed and weighed the evidence to determine Plaintiff is capable of performing light work and is not disabled. Substantial evidence supports the ALJ's findings and conclusions. Therefore, it is hereby **RECOMMENDED**[3] that Plaintiff's Motion For Summary Judgment **[Doc. 11]** be **DENIED** and that the Commissioner's Motion for Summary Judgment **[Doc. 15]** be **GRANTED**.


Respectfully submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[3]Any objections to this Report and Recommendation must be served and filed within ten (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).